UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ATTICUS LIMITED LIABILITY COMPANY,

    *Plaintiff,*

and

AARON SORKIN,

    *Involuntary Plaintiff,*

-against-

THE DRAMATIC PUBLISHING COMPANY,

    *Defendant.*

Case No. 1:22-cv-10147-DLC

---

## DECLARATION OF KEVIN TOTTIS

I, Kevin Tottis, declare as follows:

1. I am an attorney at TottisLaw, which, along with McLaughlin & Stern, is counsel of record for defendant The Dramatic Publishing Company ("Dramatic"). I make this declaration in support of Dramatic's Motion to Dismiss the Complaint and to provide the Court with true and correct copies of the documents attached hereto.

2. Attached as Exhibit 1 is a true and correct copy of the Complaint filed by Atticus Limited Liability Company in this litigation.

3. Attached as Exhibit 2 is a true and correct copy of the Arbitrator's January 28, 2022, Final Award of Arbitrator in American Arbitration Association Case Number 01-19-0000-7463, which contains, as Appendix A, the October 21, 2021 Interim Award of Arbitrator (Corrected) (collectively referred to as the "Arbitrator's Award"). Exhibit 2 has been redacted to remove information the Estate requested be kept confidential.

4. After the Arbitrator made corrections to certain mathematical calculations in the Arbitrator's Award in February, Dramatic sought confirmation of the Arbitrator's Award in an

action filed in the United States District Court for the Northern District of Illinois, Case 1:21-cv-05541. On June 17, 2022, the court in the Northern District of Illinois denied the motion filed the Estate and Harper Lee, LLC to vacate the Arbitrator's Award, but remanded the matter to the Arbitrator to clarify the meaning of the term "non-first class rights." *Dramatic Publishing Co. v. Carter*, ---F.Supp.3d ---, 2022 WL 2194586, *5 (N.D. Ill. June 17, 2022) (Kennelly, J.)

5. The Arbitrator provided the requested clarification on October 11, 2022 and on December 29, 2022, the court in the Northern District of Illinois confirmed the clarified Arbitrator's Award.

6. Attached as Exhibit 3 is a true and correct copy of the June 29, 2015 Letter Agreement between Rudinplay, Inc. and Ms. Lee (the "2015 Letter Agreement").

7. Attached as Exhibit 4 is a true and correct copy of the June 25, 1969 Agreement between Harper Lee and Dramatic (the "1969 Agreement").

8. Attached as Exhibit 5 is a true and correct copy of the Judgment in A Civil Case and the Final Judgment Order, both entered by Judge Kennelly in the United States District Court for the Northern District of Illinois on January 13, 2023.

9. Attached as Exhibit 6 is a true and correct copy of Arbitration Exhibit C-410, Ms. Lee's November 11, 2003 letter to Veronique Peck, which is discussed in the Arbitrator's Award (*see* Ex. 2, pp. 21-22, 41). While Exhibit 6 bears a "confidential" stamp, this was inadvertently applied during the Arbitration by Dramatic. The document was not produced under any confidentiality requirement and the document is not confidential pursuant to the terms of any protective orders.

10. Attached as Exhibit 7 is a true and correct copy of the letter dated April 28, 2011from Ms. Lee to Dramatic terminating, to the extent allowed by the Copyright Act, the 1969 Agreement. Exhibit 7 also bears a "confidential" stamp that was inadvertently applied and the document is not confidential pursuant to the terms of any protective orders.

I declare under penalty of perjury that the foregoing is true and correct.

Executed:   January 23, 2023

                                                                          /s/ Kevin Tottis
                                                                            Kevin Tottis