UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ATTICUS LIMITED LIABILITY COMPANY,<br>       *Plaintiff,*<br><br>and<br><br>AARON SORKIN,<br>       *Involuntary Plaintiff,*<br><br>-against-<br><br>THE DRAMATIC PUBLISHING COMPANY,<br>       *Defendant.* | Case No. 1:22-cv-10147-DLC |

**DRAMATIC PUBLISHING COMPANY'S RESPONSE
TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1, Defendant The Dramatic Publishing Company ("Dramatic") submits the following statement in response to the statement of undisputed materials facts submitted by Plaintiff Atticus Limited Liability Company ("Atticus" and, collectively with No Ice Inc. f/k/a Rudinplay, Inc. and Scott Rudin, the "Rudinplay Affiliates") in support of its motion for summary judgment (the "Summary Judgment Motion").

      1.      Harper Lee authored and, in 1960, published To Kill a Mockingbird (the "Novel") in 1960. (Doc. 1 ¶ 12; Zavin Decl., Ex. 1 at 1; Zavin Decl., Ex. 2 at 3 ¶ 2.)

**RESPONSE:** Not disputed.

      2.      In 1969, Lee entered into an agreement (the "DPC Grant") with The Dramatic Publishing Company ("DPC"). (Zavin Decl., Ex. 1.)

**RESPONSE:** Not disputed and reference is made to the 1969 Agreement (referred to as the DPC Grant by the Rudinplay Affiliates) for its terms and conditions.

      3.      DPC's President, Christopher Sergel, wrote a stage adaptation of the Novel (the "Sergel Play") pursuant to the DPC Grant. (Doc. 1 ¶ 2.)

1

**RESPONSE:** Not disputed.

   4.  In April 2011, Lee terminated the DPC Grant pursuant to Section 304(c) of the Copyright Act, 17 U.S.C. § 304(c). (Doc. 1 ¶ 14; Zavin Decl., Ex. 2.)

**RESPONSE:** For purposes of this motion, Dramatic does not dispute that persons claiming to be authorized agents acting on behalf of Ms. Lee delivered a document titled Notice of Termination of Transfer Extended Renewal Term to Dramatic (the "Notice of Termination") in April 2011 and that a copy of that document is attached as Exhibit 2 to the Zavin Declaration.

   5.  Lee entered into an agreement with No Ice, Inc. (f/k/a Rudinplay, Inc.) dated June 29, 2015 (the "No Ice Grant"). (Zavin Decl., Ex. 3.)

**RESPONSE:** The referenced materials do not support the conclusion that Ms. Lee entered into the agreement. Indeed, as the sworn testimony of Mr. Rudin makes clear, he has no firsthand knowledge as to whether Ms. Lee knowingly executed the document because neither he nor any of his lawyers had any contact with Ms. Lee. (Dramatic's Statement of Additional Facts ("SOAF"), ¶¶ 13-15.) In addition, Zavin Declaration Exhibit 4 states that the agreement presented in Exhibit 4 "is limited by and subject to the terms and provisions of the [2015 Letter Agreement] as modified by the settlement agreement between the Producer and Lee as of May 9, 2018 (the 'Settlement Agreement') (jointly, the 'Underlying Rights Agreement')." (Zavin Decl., Ex. 4, § 22.27(b).) Dramatic is unaware of the terms of the Settlement Agreement, with the exception of a single provision that was provided by the Estate during the course of the Arbitration (SOAF, ¶ 26), and therefore is not currently aware of the terms of the Underlying Rights Agreement between the Estate and the Rudinplay Affiliates.

   6.  No Ice and Aaron Sorkin entered an agreement dated January 19, 2017 (the "Sorkin Agreement"). (Zavin Decl., Ex. 4.)

**RESPONSE:** The attached documents do not support this assertion. Exhibit 4 is an agreement between No Ice and Sorkin. While the text of the agreement indicates that it is "made and entered into as of the 19th day of January 2017, the signatures included in Exhibit 4, however,

are undated for No Ice and dated December 10, 2020 for Mr. Sorkin, meaning Exhibit 4 fails to establish when the Sorkin Agreement was made or is effective. Further, Exhibit 4 references other documents, including a "deal terms memo" dated as of January 19, 2017 and "amended by written amendment" dated as of May 7, 2018, neither of which is included in Exhibit 4 or otherwise provided. (Zavin Decl., Ex. 4, p. 2 of 96.) Finally, Exhibit 4 is heavily redacted and so Dramatic cannot currently know the full scope of that agreement, though reference is made to the unredacted portions of the Sorkin Agreement for those terms and conditions that have been disclosed thus far.

> 7. No Ice and Atticus entered into an agreement dated December 12, 2018 (the "Atticus Assignment"). (Zavin Decl., Ex. 5.)

**RESPONSE:** Not disputed for purposes of this motion and reference is made to the Atticus Assignment for its terms and conditions.

> 8. The stage adaptation of the Novel produced by Atticus and written by Aaron Sorkin (the "Sorkin Play") premiered at the Shubert Theatre on Broadway on December 13, 2018. (Zavin Decl. ¶ 11.)

**RESPONSE:** Not disputed.

> 9. On March 7, 2019, DPC filed with the American Arbitration Association ("AAA") a demand for arbitration (the "Arbitration") against the Estate of Harper Lee and Harper Lee, LLC (collectively, the "Estate") (Zavin Decl., Ex. 6, Appendix A thereto at 1.)

**RESPONSE:**  Not disputed as to the Estate of Harper Lee. Harper Lee, LLC was not named in the demand for arbitration that Dramatic filed on March 7, 2019; rather, Harper Lee LLC sought to intervene and filed a counterclaim on April 24, 2019 claim "an interest relating to the property that is the subject of Dramatic's claims against the Estate. The conduct of Dramatic alleged herein is grounded in or intertwined with the Original Grant containing the arbitration agreement, such that Dramatic cannot object to arbitration of this claims." (Tottis Decl., ¶ 57 and Exhibit 48.)

> 10. Neither Atticus nor Sorkin were parties to the Arbitration. (*Id.*)

**RESPONSE:** Not disputed.

11. A private attorney serving as sole arbitrator, William T. McGrath (the "Arbitrator"), entered an Interim Award of Arbitration (Corrected) on October 21, 2021, Final Award of Arbitrator on January 28, 2022, and Disposition for Application of Modification of Award (collectively, the "Award") in the Arbitration. (Zavin Decl., Ex. 6.)

**RESPONSE:** Not disputed.

12. On January 13, 2023, the United States District Court for the Northern District of Illinois entered a Final Judgment Order (the "Judgment") confirming the Award. (Zavin Decl., Ex. 8.)

**RESPONSE:** Not disputed.

13. Neither Atticus nor Sorkin were parties to the confirmation proceeding in the United States District Court for the Northern District of Illinois. (Zavin Decl., Ex. 7.)

**RESPONSE:** Not disputed.

Dated: February 21, 2023

Respectfully submitted,

TottisLaw

By: /s/ Kevin Tottis

Kevin Tottis
Keith Stolte
Max A. Stein
401 N. Michigan Avenue
Suite 530
Chicago, IL 60611
Tel: (312) 527-1400
ktottis@tottislaw.com
kstolte@tottislaw.com
mstein@tottislaw.com

McLaughlin & Stern, LLP

Steven J. Hyman
David Blasband
Oliver R. Chernin
260 Madison Avenue
New York, New York  10016
Tel: (212) 447-1100

shyman@mclaughlinstern.com
dblasband@mclaughlinstern.com
ochernin@mclaughlinstern.com

*Attorneys for The Dramatic Publishing Company*