**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ATTICUS LIMITED LIABILITY COMPANY,

*Plaintiff*,

and

AARON SORKIN,

*Involuntary Plaintiff*,

-against-

THE DRAMATIC PUBLISHING COMPANY,

*Defendant.*

Case No.: 1:22-cv-10147-DLC

Hon. Denise L. Cote

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

LOEB & LOEB LLP
Jonathan Zavin
Wook Hwang
Frank D. D'Angelo
345 Park Avenue
New York, New York 10154
Tel: (212) 407-4000
Fax: (212) 407-4990

Keane Barger
35 Music Square East, Suite 310
Nashville, Tennessee 37203
Tel: (615) 749-8300
Fax: (615) 749-8308

*Attorneys for Plaintiff*
*Atticus Limited Liability Company*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........ ii

PRELIMINARY STATEMENT ........ 1

ARGUMENT ........ 3

I. DPC HAS WAIVED ITS STATUTE OF LIMITATIONS "DEFENSE" ........ 3

II. DPC'S STATUTE OF LIMITATIONS ARGUMENT IS MERITLESS IN ANY EVENT ........ 6

III. AN AWARD OF FEES AND SANCTIONS AGAINST DPC IS WARRANTED ........ 10

CONCLUSION ........ 11

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Block v. First Blood Assocs.*,
988 F.2d 344 (2d Cir. 1993)....5

*Blue Citi, LLC v. 5Barz Int'l Inc.*,
338 F. Supp. 3d 326 (S.D.N.Y. 2018)....4

*Busher v. Barry*,
No. 20- 587-cv, 2021 U.S. App. LEXIS 32561
(2d Cir. Nov. 2, 2021)....3

*Cabell v. Zorro Prods.*,
No. 5:15-cv-00771-EJD, 2018 U.S. Dist. LEXIS 80262
(N.D. Cal. May 11, 2018)....8

*Capitol Records, LLC v. ReDigi Inc.*,
No. 12-cv-95 (RJS), 2015 U.S. Dist. LEXIS 113790
(S.D.N.Y. Aug. 27, 2015)....4

*Caro Cap., LLC v. Koch*,
No. 20-cv-6153 (LJL), 2023 U.S. Dist. LEXIS 15508
(S.D.N.Y. Jan. 30, 2023)....4

*Case v. Eslinger*,
555 F.3d 1317 (11th Cir. 2009)....3

*Charles v. Seinfeld*,
803 F. App'x 550 (2d Cir. 2020)....9

*Compania Maritima Transoceanica, S. A. v. Ocean Freighting & Brokerage Corp.*,
10 F.R.D. 129 (S.D.N.Y. 1950)....6

*Ferrarini v. Individual*,
No. 21-597-cv, 2022 U.S. App. LEXIS 14862
(2d Cir. May 31, 2022), *cert denied*, 143 S. Ct. 570 (2023)....9

*Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading, Inc.*,
697 F.3d 59 (2d Cir. 2012)....8

*Gary Friedrich Enters., LLC v. Marvel Characters, Inc.*,
716 F.3d 302 (2d Cir. 2013)....7, 9

*Garza v. Everly*,
59 F.4th 876 (6th Cir. 2023) ....................9

*Horror Inc. v. Miller*,
15 F.4th 232 (2d Cir. 2021) ....................7, 9

*Kempner v. Oppenheimer & Co.*,
662 F. Supp. 1271 (S.D.N.Y 1987)....................10

*Kwan v. Schlein*,
634 F.3d 224 (2d Cir. 2011)....................7, 9

*Latin Am. Music Co. v. Spanish Broad. Sys.*,
738 F. App'x 722 (2d Cir. 2018) ....................9

*Mahan v. ROC Nation, LLC*,
634 F. App'x 329 (2d Cir. 2016) ....................9

*Netzer v. Continuity Graphic Assocs.*,
963 F. Supp. 1308 (S.D.N.Y. 1997)....................9

*Palmieri v. Lynch*,
392 F.3d 73 (2d Cir. 2004)....................4

*Petrella v. MGM*,
572 U.S. 663 (2014)....................6

*Phx. Light SF, Ltd. v. U.S. Bank Nat'l Ass'n*,
No. 14-CV-10116 (VSB), 2020 U.S. Dist. LEXIS 144731
(S.D.N.Y. Aug. 12, 2020), *aff'd*, 2021 U.S. App. LEXIS 29749
(2d Cir. Oct. 4, 2021) ....................3, 5

*Application of Royal Bank of Canada*,
33 F.R.D. 296 (S.D.N.Y. 1963) ....................6

*Santos v. District Council of New York City*,
619 F.2d 963 (2d Cir. 1980)....................5

*Schleifer v. Berns*,
No. 17 Civ. 1649 (BMC), 2017 U.S. Dist. LEXIS 112391
(E.D.N.Y. July 19, 2017) ....................10

*Triodetic Inc. v. Statue of Liberty IV, LLC*,
582 F. App'x 39 (2d Cir. 2014) ....................4

*United States v. Boynton*,
No. 05-CV-2243-WQH (RBB), 2007 U.S. Dist. LEXIS 7764
(S.D. Cal. Feb. 1, 2007) .................... 4-5

*United States v. Drame*,
No. 18 Civ. 11480 (AKH), 2021 U.S. Dist. LEXIS 64268
(S.D.N.Y. Apr. 1, 2021) ........ 1, 3

*Vela v. City of Houston*,
276 F.3d 659 (5th Cir. 2001) ........ 4

*Vineberg v. Bissonnette*,
529 F. Supp. 2d 300 (D.R.I. 2007), *aff'd*, 548 F.3d 50 (1st Cir. 2008) ........ 4

*Walker v. Carter*,
210 F.Supp.3d 487 (S.D.N.Y. 2016) ........ 9

*Williams v. Univ. Med. Ctr. of S. Nev.*,
No. 2:09-CV-00554-PMP-PAL, 2010 U.S. Dist. LEXIS 76995
(D. Nev. July 28, 2010) ........ 4

*Wilson v. Dynatone Publ'g Co.*,
892 F.3d 112 (2d Cir. 2018) ........ 9

**Statutes And Other Authorities**

17 U.S.C. § 507(b) ........ 6

Fed. R. Civ. P. 56 ........ 1, 5, 6

3 Nimmer on Copyright § 12.05 (2022) ........ 8

Plaintiff Atticus Limited Liability Company ("Atticus") respectfully submits this memorandum of law in opposition to the motion for summary judgment, pursuant to Fed. R. Civ. P. 56, of Defendant The Dramatic Publishing Company ("DPC") (DE 76).

**PRELIMINARY STATEMENT**

Now that this Court has squarely rejected DPC's meritless position that exclusive licenses are somehow interminable under the Copyright Act, DPC belatedly asserts a position even more absurd: that, pursuant to the Copyright Act's statute of limitations, DPC's *assertion* of this same baseless argument renders it unassailable—and its prior exclusive license in fact interminable and unterminated—to anyone with mere knowledge that DPC had advanced this meritless position in a private arbitration more than three years ago. This newfangled argument is as frivolous as DPC's erroneous distortion of the Copyright Act's termination provisions, and should be rejected for at least two independent reasons.

First, DPC has waived this argument by failing to raise it in opposition to Atticus's prior motion for summary judgment. The law is clear that, "[i]f a party moves for final summary judgment, the responding party *must* raise in its opposition to the motion *any* defense that would preclude final summary judgment." *United States v. Drame*, No. 18 Civ. 11480 (AKH), 2021 U.S. Dist. LEXIS 64268, at *8 (S.D.N.Y. Apr. 1, 2021) (emphasis added). Indeed, summary judgment could never be granted as a final disposition of any action were this not the law. But in response to Atticus's motion for summary judgment, never *once* in its twenty-three-page opposition brief (DE 50), eighty-one-paragraph statement of additional facts (DE 61), or 10-page Rule 56(d) declaration (DE 60) did DPC even *mention* the statute of limitations as a potential defense. That DPC could and should have raised this argument in opposition to Atticus's motion is underscored

by the fact that DPC has been in possession of *every single document* it now submits in support of its motion since well before this action was even commenced.

Second, setting aside DPC's waiver, its argument is legally meritless. While DPC is correct that a party *claiming* copyright ownership is subject to the one-time accrual rule applicable to ownership claims, Atticus has not sought a declaration—or even resolution—of any ownership interest in this action *other than DPC's*. (DE 65 at 32). DPC admits as much, emphatically agreeing that this case "***turns solely on the scope of [Dramatic's] copyright interest in the Novel***" (DE 77 at 2; emphasis and brackets in original), and thus requires resolution only of "the extent of *Dramatic's* ownership rights." (*Id.* at 12; emphasis added). No court has ever endorsed DPC's position that the Copyright Act's one-time-accrual rule bars a party from challenging the *other* party's continuing claim of ownership—a state of law highlighted by the fact that every single decision upon which DPC relies involved a time-bar to a party's *own* claim of ownership in a work. Indeed, if DPC's interpretation of the statute of limitations were correct, it could claim "exclusive" rights to *any* work via public pronouncement (or, as here, in a private arbitration)—including, for example, *Les Misérables*, *Hamlet*, *The Odyssey* or the Bible—and, three years later, successfully assert a time-bar against any challenge to its claimed "exclusivity" in an action, like this one, turning on whether others have infringed its purportedly exclusive rights. This comedy of errors of course has no support in the law.

In short, DPC's motion should not only be denied but, Atticus submits, is so frivolous as to warrant the imposition of sanctions, in the Court's sound discretion.

## ARGUMENT

### I. DPC HAS WAIVED ITS STATUTE OF LIMITATIONS "DEFENSE"

The statute-of-limitations defense belatedly raised by DPC—*after* the Court already issued its summary judgment ruling—is untimely and waived by reason of DPC's failure to raise it in opposition to Atticus's motion for summary judgment.

The law is clear and unequivocal: "If a party moves for final summary judgment, the responding party *must* raise in its opposition to the motion *any* defense that would preclude final summary judgment." *United States v. Drame*, No. 18 Civ. 11480 (AKH), 2021 U.S. Dist. LEXIS 64268, at *8 (S.D.N.Y. Apr. 1, 2021) (emphasis added); *see also, e.g., Case v. Eslinger*, 555 F.3d 1317, 1329 (11th Cir. 2009) (on summary judgment, "it becomes incumbent upon the nonmovant to respond by, at the very least, raising in their opposition papers any and all arguments or defenses they felt precluded judgment in the moving party's favor") (citation and brackets omitted). To hold otherwise would allow parties, like DPC does here, to "complain about the entry of a summary judgment order that did not consider an argument they chose not to develop for the district court at the time of the summary judgment motions." *Id.* (citation omitted).

The consequences of failing to raise an argument in opposition to summary judgment are equally clear: "In the Second Circuit, a party that fails to raise an argument in its opposition papers on a motion for summary judgment *has waived that argument*." *Phx. Light SF, Ltd. v. U.S. Bank Nat'l Ass'n*, No. 14-CV-10116 (VSB), 2020 U.S. Dist. LEXIS 144731, at *10 (S.D.N.Y. Aug. 12, 2020) (emphasis added), *aff'd*, 2021 U.S. App. LEXIS 29749 (2d Cir. Oct. 4, 2021). The law is overwhelming in this regard. *See, e.g., id; Busher v. Barry*, No. 20-3587-cv, 2021 U.S. App. LEXIS 32561, at *8-9 (2d Cir. Nov. 2, 2021) ("Because the plaintiffs failed to 'raise this argument in [their] opposition to summary judgment,' the 'argument has been waived.'") (citation omitted);

*Triodetic Inc. v. Statue of Liberty IV, LLC*, 582 F. App'x 39, 40 (2d Cir. 2014) ("[P]laintiff never raised these arguments in its opposition to defendants' motion for summary judgment. Accordingly, these arguments were waived."); *Palmieri v. Lynch*, 392 F.3d 73, 87 (2d Cir. 2004) ("Palmieri failed to . . . raise this argument in his opposition to summary judgement. Thus, this argument has been waived."); *Caro Cap., LLC v. Koch*, No. 20-cv-6153 (LJL), 2023 U.S. Dist. LEXIS 15508, at *20 (S.D.N.Y. Jan. 30, 2023) (by reason of defendants' failure to raise arguments, "the Court deems any argument to that effect waived."); *Blue Citi, LLC v. 5Barz Int'l Inc.*, 338 F. Supp. 3d 326, 334 (S.D.N.Y. 2018) ("Defendant had a full and fair opportunity to raise a usury defense in response to Plaintiff's prior motion for summary judgment, but Defendant chose not to do so. . . . By failing to press its affirmative defense, Defendant waived the defense."); *Capitol Records, LLC v. ReDigi Inc.*, No. 12-cv-95 (RJS), 2015 U.S. Dist. LEXIS 113790, at *6 (S.D.N.Y. Aug. 27, 2015) ("[T]he only issue before the Court is whether the Individual Defendants are barred from asserting affirmative defenses that ReDigi *could have raised* in opposition to Plaintiffs' motion for summary judgment but did not. . . . [T]he Court finds that the Individual Defendants are barred from asserting these defenses now."). Not surprisingly, federal law is uniform on this point, including with respect to the statute of limitations defense that DPC has waived here.[1]

[1] *See, e.g.*, *Vela v. City of Houston*, 276 F.3d 659, 678 (5th Cir. 2001) (holding defendant waived "statute of limitations defense" because "a party in his opposition to a motion for summary judgment cannot abandon an issue and then . . . by drawing on the pleadings resurrect the abandoned issue") (citation omitted); *Williams v. Univ. Med. Ctr. of S. Nev.*, No. 2:09-CV-00554-PMP-PAL, 2010 U.S. Dist. LEXIS 76995, at *6 (D. Nev. July 28, 2010) ("Defendants have waived the statute of limitations defense . . . . When a party moves for final summary judgment on an issue, the nonmoving party must raise in their opposition all arguments or defenses which would preclude judgment in the moving party's favor or else the nonmoving party abandons the argument or defense."); *Vineberg v. Bissonnette*, 529 F. Supp. 2d 300, 305-06 (D.R.I. 2007) ("This Court finds that because Defendant failed to adequately develop and argue the affirmative defense of statute of limitations in her opposition to the motion for summary judgment, the statute of limitations defense is waived."), *aff'd*, 548 F.3d 50 (1st Cir. 2008); *United States v. Boynton*, No. 05-CV-2243-WQH (RBB), 2007 U.S. Dist. LEXIS 7764, at *4 n.2 (S.D. Cal. Feb. 1, 2007)

DPC's mental gymnastics to avoid this result are unavailing.

First, DPC spends inordinate space in its moving brief vigorously arguing that there can be no waiver given that DPC simply moved to dismiss and "nothing in Dramatic's motion to dismiss suggested it was seeking to convert its motion to summary judgment or was raising all affirmative relief it would seek in the action before this Court." (DE 77 at 15). DPC misses the point entirely. As noted above, "[i]n the Second Circuit, a party that fails to raise an argument in its *opposition* papers on a motion for summary judgment has waived that argument." *Phx. Light SF, Ltd.*, 2020 U.S. Dist. LEXIS 144731, at *10 (emphasis added). Accordingly, it is DPC's failure to raise the statute of limitations in opposition to *Atticus's* motion for summary judgment that has resulted in its waiver. DPC's aims with its *own* motion to dismiss (whether converted to summary judgment or not) are irrelevant, as are the cases upon which it relies to support its inapposite proposition.[2]

Second, DPC claims that Rules 8 and 12 entitle DPC to raise new defenses after opposing Atticus's motion for summary judgment because Atticus filed its motion "before [DPC] had an opportunity to answer[.]" (DE 77 at 13). But Rule 56 *expressly permits* pre-answer motions for summary judgment. Fed. R. Civ. P. 56(b) ("[A] party may file a motion for summary judgment at any time until 30 days after the close of all discovery."). If a party could—as DPC has done here—withhold its arguments in opposition to a pre-answer motion for summary judgment and assert them later, the possibility of case disposition via a pre-answer motion for summary judgment

("[Defendant] did not raise this statute of limitations argument in her opposition brief to the United States' summary judgment motion. Hence, this argument has been waived.").

[2] In *Santos v. District Council of New York City*, 619 F.2d 963 (2d Cir. 1980), cited in DPC's moving brief (DE 77 at 13), the Second Circuit merely held that a party does not waive its defenses at trial by omitting those defenses from its *own* motion. *Santos,* 619 F.2d at 967. *Block v. First Blood Assocs.*, 988 F.2d 344, 347 (2d Cir. 1993), involved a motion to amend an answer and, as with *Santos*, did not involve a party's failure to raise an affirmative defense in opposition to summary judgment, as DPC failed to do here.

would be negated entirely. The provisions of the Federal Rules cannot be written out of existence in the manner DPC advocates. *See Application of Royal Bank of Canada*, 33 F.R.D. 296, 300 (S.D.N.Y. 1963) ("[T]he Federal Rules of Civil Procedure in general. . . are to be given a harmonious and symmetrical reading to prevent their circumvention and abuse through the employment of convenient stratagems."); *Compania Maritima Transoceanica, S. A. v. Ocean Freighting & Brokerage Corp.*, 10 F.R.D. 129, 131 (S.D.N.Y. 1950) (with respect to Federal Rules, "emphasis therefore may not be prudently accorded to one rule in disregard of another which comes into operation").

Third, DPC vaguely contends that Atticus's motion for summary judgment was somehow "premature" (DE 77 at 8, 14), but provides no explanation as to how it was prejudiced or deprived of the opportunity to raise its limitations defense in opposition to Atticus's motion. In fact, *all* of the materials DPC submitted in connection with its pending motion for summary judgment were available to DPC at the time it opposed Atticus's motion for summary judgment, and *nowhere* in DPC's own Rule 56(d) declaration did it even mention a statute of limitations defense, much less claim that it needed discovery to assert this defense. (*See* DE 60). As DPC's own filings make clear, the requirement that DPC raise this defense in opposition to Atticus's summary judgment motion was anything but "premature."

## II. DPC'S STATUTE OF LIMITATIONS ARGUMENT IS MERITLESS IN ANY EVENT

Even had DPC not waived its statute of limitations argument (it has), it is meritless, and based on yet another distortion of the law.

Under the Copyright Act's three-year statute of limitations, 17 U.S.C. § 507(b), a copyright claim accrues when an infringing act occurs, and "each infringing act starts a new limitations period." *Petrella v. MGM*, 572 U.S. 663, 670-71 (2014). The one exception to this "separate-

accrual" rule is that copyright claims brought by a party *claiming* copyright ownership are subject to one-time accrual—*i.e.*, "[a]n ownership claim accrues only once," *Kwan v. Schlein*, 634 F.3d 224, 228 (2d Cir. 2011), "when plain and express repudiation of [the claimant's ownership] is communicated to the claimant[.]"[3] *Horror Inc. v. Miller*, 15 F.4th 232, 257 (2d Cir. 2021) (citation omitted).

Fatal to DPC's limitations argument is the fact, already recognized by this Court, that neither Atticus nor Sorkin have asserted *any* claim seeking declaratory judgment of ownership or for infringement predicated on any such ownership. The Court made this clear in its prior summary judgment decision, observing (DE 65 at 32):

> **[I]t is unnecessary to resolve through this lawsuit the extent to which the Lee Estate granted Atticus rights through the 2015 Agreement…. That latter issue is irrelevant** to Dramatic: if Dramatic has exclusive rights, then Atticus cannot produce the Sorkin Play in amateur settings; if Dramatic's rights are not exclusive, then it has no power to bar anyone from performing derivative works based on the Novel, other than of course the Sergel Play.

(Emphasis added). DPC agrees, admitting this case "***turns solely on the scope of [Dramatic's] copyright interest in the Novel***" (DE 77 at 2; emphasis and brackets in original), and is "about the extent of Dramatic's ownership rights." (*Id.* at 12) (emphasis in original).

As DPC recognizes, Atticus thus seeks a declaration of non-infringement based on *DPC's* lack of exclusive rights and copyright ownership, placing Atticus and Sorkin in the position of

---

[3] DPC's statute of limitations argument is based on Atticus's knowledge that DPC filed an arbitration demand against the *Estate of Harper Lee*, not Atticus. Even were Atticus seeking a declaration of ownership in this case (it is not), DPC's claim of ownership against the Estate, in a private arbitration against the Estate, does not constitute "plain and express repudiation" to Atticus and did not trigger the accrual of *any* claims Atticus may have had against DPC. *See, e.g., Gary Friedrich Enters., LLC v. Marvel Characters, Inc.*, 716 F.3d 302, 317 (2d Cir. 2013) (explaining that a party claiming ownership "does not need to bring suit until there has been an 'express repudiation' of that claim") (citation omitted). DPC's statute of limitations argument fails for this reason alone.

effective defendants against an infringement suit DPC claims it has standing to bring. *See Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading, Inc.*, 697 F.3d 59, 67 (2d Cir. 2012) ("[W]e must conceptually realign the declaratory judgment parties and claims and analyze them as they would appear in a coercive suit."); 3 Nimmer on Copyright § 12.05 (2022) ("Sometimes, the roles are reversed—the erstwhile claimant sits back, while the erstwhile responding party initiates suit. That posture marks declaratory relief, in which the potential defendant is the nominal plaintiff."); *Cabell v. Zorro Prods.*, No. 5:15-cv-00771-EJD, 2018 U.S. Dist. LEXIS 80262, at *47 (N.D. Cal. May 11, 2018) ("[T]he analysis must focus on the substance of the underlying claim; where the statute of limitations would bar a claim brought for affirmative relief (e.g., a claim for infringement brought by a copyright holder), it would also bar a declaratory judgment claim that effectively seeks the same result (e.g., a claim for declaratory judgment of non-infringement brought by an alleged infringer).").

And, in this procedural posture, the "one-time accrual" rule does *not* apply to Atticus's claim of non-infringement. This exact scenario was addressed in *Cabell*, in which the court rejected the application of the "one-time accrual" to a claim of non-infringement (*id.* at *48):

> [T]he declaratory relief that Plaintiff seeks is a declaration that 'his musical does not infringe upon any copyright or trademark interest of ZPI'—i.e., if Plaintiff were to produce his musical tomorrow, it would not infringe Defendants' intellectual property. If Plaintiff were to produce his musical tomorrow, the statute of limitations would not bar an infringement claim by Defendants. Accordingly, the statute of limitations also cannot bar the declaration that Plaintiff seeks.

Indeed, the opposite is true: it is DPC that the statute of limitations bars from claiming ownership as a defense in this action, after Atticus expressly and directly repudiated *DPC's* claim of ownership by letter on January 9, 2019, and in ensuing correspondence. (*See* DPC Statement of Material Facts (DE 80) ¶¶ 1-5, 12). Yet DPC never took *any* legal action against Atticus at any time before the instant action was commenced. This scenario too has been squarely addressed in

the decisional authority, and bars DPC's assertion of ownership as a defense in this case. *See Garza v. Everly*, 59 F.4th 876, 884 (6th Cir. 2023) (holding that Copyright Act's statute of limitations barred declaratory judgment defendant from asserting defense of co-ownership and co-authorship, where defendant "would not be able to bring suit over authorship as an affirmative claim" pursuant to one-time accrual rule).

The procedural posture in this action—and the fact that neither Atticus nor Sorkin seek declaratory relief relating to *their* ownership—distinguishes each and every case upon which DPC relies in its moving brief. (DE 77 at 10-13). In each of these decisions, it was an affirmative *assertion* of ownership that was deemed time-barred three years after express repudiation. *See Kwan*, 634 F.3d at 227-28; *Netzer v. Continuity Graphic Assocs.*, 963 F. Supp. 1308, 1315 (S.D.N.Y. 1997); *Walker v. Carter*, 210 F.Supp.3d 487, 506 (S.D.N.Y. 2016). That the "one-time accrual" rule applies only to such affirmative assertions of ownership—like DPC's, and as distinguished from Atticus and Sorkin's claim here—has repeatedly been affirmed in the governing case law.[4]

---

[4] *See, e.g. Ferrarini v. Individual*, No. 21-597-cv, 2022 U.S. App. LEXIS 14862, at *1-2 (2d Cir. May 31, 2022) (applying rule where plaintiff sued for copyright infringement based on *her* alleged authorship), *cert denied*, 143 S. Ct. 570 (2023); *Horror Inc. v. Miller*, 15 F.4th at 257 (applying rule where counterclaimant sued for declaratory judgment that *he* owned screenplay); *Charles v. Seinfeld*, 803 F. App'x 550, 551 (2d Cir. 2020) (applying rule where plaintiff sued for copyright infringement based on *his* alleged authorship of television show); *Wilson v. Dynatone Publ'g Co.*, 892 F.3d 112, 118 (2d Cir. 2018) (applying rule where plaintiffs sued for copyright infringement based on *their* alleged ownership of song); *Latin Am. Music Co. v. Spanish Broad. Sys.*, 738 F. App'x 722, 723 (2d Cir. 2018) (applying rule where plaintiffs sued for copyright infringement based on *their* alleged ownership of musical works); *Mahan v. ROC Nation, LLC*, 634 F. App'x 329, 330 (2d Cir. 2016) (applying rule where plaintiff sued for declaratory judgment of *his* alleged co-ownership of song); *Gary Friedrich Enters., LLC v. Marvel Characters, Inc.*, 716 F.3d at 317 (applying rule where plaintiff sued for copyright infringement based on *his* alleged ownership of renewal copyright).

By contrast, DPC cannot cite *any* authority for the nonsensical proposition it advances: that an erroneous pronouncement of copyright ownership over any work time-bars any challenge to such ownership three years later. No such authority exists for this obviously incorrect premise, as it would trigger an entire industry of enterprising individuals who could wrest copyright ownership from true owners and from the public domain simply by propagating false claims of ownership (like DPC has done here).

## III. AN AWARD OF FEES AND SANCTIONS AGAINST DPC IS WARRANTED

Should the Court deem it appropriate, Atticus respectfully requests that the Court impose monetary sanctions against DPC in an amount commensurate with the reasonable attorneys' fees and costs incurred by Atticus in connection with DPC's pending motion.

The Court "has the power to impose sanctions and award attorneys' fees *sua sponte* or on motion under the following circumstances:

> (1) under the Court's inherent power to supervise and control its own proceedings and where the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons';
>
> (2) under 28 U.S.C. § 1927, where an attorney 'who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct,' [and]
>
> (3) under Rule 11 of the Federal Rules of Civil Procedure, where a 'pleading, motion or other paper' is not 'well grounded in fact' or 'warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law,' or is 'interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.'"

*Kempner v. Oppenheimer & Co.,* 662 F. Supp. 1271, 1283 (S.D.N.Y 1987) (citations omitted); *see also, e.g., Schleifer v. Berns*, No. 17 Civ. 1649 (BMC), 2017 U.S. Dist. LEXIS 112391, at *15-17 (E.D.N.Y. July 19, 2017) (awarding sanctions pursuant to Court's inherent authority).

Awarding Atticus its fees and imposing sanctions against DPC is warranted given that DPC has advanced a limitations argument that is not only frivolous and objectively unreasonable, but, according to basic procedural law, has been waived. Such an award is particularly appropriate here because the Lee Estate has been required to indemnify DPC for its fees and costs in this action (DE 78-7 at 26 (arbitrator's award requiring the Lee Estate to indemnify DPC)), such that DPC lacks any incentives against bringing meritless motions like this one that have no basis in law and should be deterred.

## CONCLUSION

Accordingly, Atticus respectfully requests that the Court (1) deny DPC's motion for summary judgment and (2) award such other and further relief in the Court's sound discretion, including, should the Court deem it appropriate, an award of sanctions.

Dated: June 9, 2023
New York, New York

LOEB & LOEB LLP

By: *<u>/s/ Jonathan Zavin</u>*

Jonathan Zavin
Wook Hwang
Frank D. D'Angelo
345 Park Avenue
New York, New York 10154
Tel: (212) 407-4000
Fax: (212) 407-4990

Keane Barger
35 Music Square East, Suite 310
Nashville, Tennessee 37203
Tel: (615) 749-8300
Fax: (615) 749-8308

*Attorneys for Plaintiff Atticus Limited Liability Company*