UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ATTICUS LIMITED LIABILITY COMPANY,<br><br>*Plaintiff*,<br><br>and<br><br>AARON SORKIN,<br><br>*Involuntary Plaintiff*,<br><br>-against-<br><br>THE DRAMATIC PUBLISHING COMPANY,<br><br>*Defendant*. | No. 1:22-cv-10147-DLC |

**REPLY IN FURTHER SUPPORT OF
DRAMATIC PUBLISHING COMPANY'S MOTION FOR SUMMARY JUDGMENT**

## **TABLE OF CONTENTS**

I.   Atticus' claim is time-barred ..................................................................................... 1

   A.   The Case Is about the Ownership of Rights, Not Infringement .......................... 1

   B.   This Case Is Not About Copying or Substantial Similarity .................................. 2

II.   Dramatic Did Not Waive Its Affirmative Defenses ........................................................ 7

III.  Atticus' Claim for Fees and Sanctions Has No Merit .................................................... 9

**CONCLUSION** ................................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

*118 E. 60th Owners, Inc. v. Bonner Properties, Inc.*, 677 F.2d 200, 204 (2d Cir.1982) ................................. 5

*Am. Council of Blind New York, Inc. v. City of New York*, 495 F. Supp. 3d 211, 243-44 (S.D.N.Y. 2020) ................................. 8

*Blue Citi, LLC v. 5Barz Int'l Inc.*, 338 F. Supp. 3d 326, 334 (S.D.N.Y. 2018) ................................. 9

*Books-A-Million, Inc. v. H & N Enters., Inc.*, 140 F. Supp. 2d 846, 851 (S.D. Ohio 2001) ................................. 8

*Busher v. Barry*, No. 20-cv-3587, 2021 U.S. App. LEXIS 32561, at *8-9 (2d Cir. Nov. 2, 2021) ................................. 9

*Cabell v. Zorro Prods., Inc.*, No. 15-cv-771, 2018 WL 2183236, *7 (N.D. Cal. 2018) ................................. 6, 7

*Caro Cap., LLC v. Koch*, 20-cv-6153-LJL, 2023 U.S. Dist. LEXIS 15508, at *20 (S.D.N.Y. Jan. 30, 2023) ................................. 9

*Case v. Eslinger*, 6:06-cv-832 (M.D. Fla.) ................................. 8

*Charles v. Seinfeld*, 410 F.Supp.3d 656, 659 (S.D.N.Y. 2019) ................................. 4

*Easter Unlimited, Inc. v. Rozier*, No. 18-cv-6637, 2021 WL 4409729, *7-8 (E.D.N.Y. Sept. 27, 2021) ................................. 4

*Estate of Burne Hogarth v. Edgar Rice Burroughs, Inc.*, 342 F.3d 149, 163 (2d. Cir. 2003) ................................. 6

*Fahey v. Breakthrough Films & Television Inc.*, No. 21-cv-3298, 2022 WL 6244313, *22 (S.D.N.Y. July 7, 2022) ................................. 4

*Ferrarini v. Irgit*, No. 19-cv-96, 2021 WL 638771, *4 (S.D.N.Y. Feb. 17, 2021) ................................. 4

*Fishoff v. Coty Inc.*, 634 F.3d 647 (2d Cir. 2011) ................................. 10

*Garza v. Everly*, 59 F.4th 876, 884 (6th Cir. 2023) ................................. 6

*Kempner v. Oppenheimer & Co., Inc.*, 662 F. Supp. 1271, 1283 (S.D.N.Y. 1987) ................................. 10

*Kwan v. Schlein*, 634 F.3d 224, 229 (2d Cir. 2011) ................................. 2, 3, 4, 7, 10

*Mahan v. Roc Nation, LLC*, 634 F. App'x 329, 331 (2d Cir. 2016) ................................. 3, 4

*Merchant v. Levy*, 92 F.3d 51, 56 (2d Cir. 1996) ................................. 4

*Morley v. Ciba–Geigy Corp.*, 66 F.3d 21, 25 (2d Cir. 1995) ................................. 10

*Narragansett Elec. Co. v. Am. Home Assur. Co.*, 999 F. Supp. 2d 511, 516 (S.D.N.Y. 2014) ................................. 8

*Palmieri v. Lynch*, 392 F.3d 73, 87 (2d Cir. 2003) ................................. 9

*Phillies v. Harrison/Erickson*, 2021 WL 5936523, *24-25 (S.D.N.Y. August, 10, 2021) ................................. 3, 4

*Phoenix Light SF, Ltd. v. U.S. Bank N.A.*, 14-cv-10116-VSB, 2020 U.S. Dist. LEXIS 144731 (S.D.N.Y. Aug. 12, 2020).................................................................................................................9

*Phoenix Light SF, Ltd. v. U.S. Bank N.A.*, 612 F.Supp.3d 263..................................................................9

*Roberts v. BroadwayHD LLC*, 518 F.Supp.3d 719, 731 (S.D.N.Y. 2021) ................................................ 3, 4

*Santos v. Dist. Council of N.Y.C. & Vic. of Utd. B'hd of Carpenters & Joiners*, 619 F.2d 963, 967 (2d Cir. 1980).......................................................................................................................... 7, 8, 10

*Schleifer v. Berns*, 17-cv-1649, 2017 WL 3084406 (E.D.N.Y. July 19, 2017)............................................10

*See Capitol Records, LLC v. ReDigi Inc.*, 12-cv-95-RJS, 2015 U.S. Dist. LEXIS 113790, at *1-15 (S.D.N.Y. Aug. 27, 2015)..................................................................................................................9

*Sid Bernstein Presents, LLC v. Apple Corps Limited*, No. 16-cv-7084, 2017 WL 4640149, *5 (S.D.N.Y. July 26, 2017) .................................................................................................................4

*Simmons v. Stanberry*, 810 F.3d 114, 116 (2d Cir. 2016) ................................................................4

*Stone v. Williams*, 970 F.2d 1043, 1048 (2d Cir. 1992)............................................................... 1, 5

*Toilliver v. McCants,* 2009 WL 1473445, *1 (S.D.N.Y. May 26, 2009) .....................................................8

*Triodetic Inc. v. Statue of Liberty IV, LLC*, 582 Fed. App'x 39, 40 (2d Cir. 2014) ......................................9

*U.S. v. Boynton*, 2007 WL 737725, *1 n.2 (Feb. 1. 2007) .................................................................9

*United States v. Drame*, 18-cv-11480 (S.D.N.Y.) ...........................................................................8

*United States v. Western Pacific R.R. Co.*, 352 U.S. 59, 72 (1956).......................................................6

*Vela*, 276 F.3d 659 5th Cir. 2001 ...............................................................................................9

*Vineberg v. Bissonnette*, 529 F. Supp. 2d 300, 305-06 (D.R.I. 2007)....................................................9

*Walker v. Carter*, 210 F.Supp.3d 487, 507-08 (S.D.N.Y. 2016)............................................................4

*Williams v. Univ. Med. Ctr. Of S. Nev.*, 2010 WL 3001707 (D. Nev. July 28, 2010)...................................9

**Statutes**

17 U.S.C. § 304............................................................................................................................2

17 U.S.C. § 507..........................................................................................................................10

**Rules**

Fed.R.Civ.P. 12...................................................................................................................... 7, 10

Fed.R.Civ.P. 8........................................................................................................................ 7, 10

I. **ATTICUS' CLAIM IS TIME-BARRED**

In its opposition, Atticus conflates a number of concepts about ownership, infringement, declaratory judgment actions, and statutes of limitation. Its brief does not change the following basic and unassailable principles:

> 1. When the "core" of a dispute involves competing assertions of rights in a copyright—and not the nature, extent, or scope of copying—the statute of limitations accrues only once: when the allegedly aggrieved party learns of the dispute.
> 2. Under long-settled Second Circuit law, it does not matter whether the dispute arises out of the non-aggrieved party's assertion of its own ownership or repudiation of another's ownership interest.
> 3. This case was never one of "non-infringement," since Dramatic never sued or even threatened Atticus with an infringement suit; rather, this suit was always about Atticus' affirmative claim that Dramatic did not have exclusive rights. And that is exactly what the Court found. ECF No. 65, at 3, 34.

And importantly, the opposition claims it is Dramatic, rather than Atticus, that is time-barred from disputing ownership because Dramatic knew in January 2019 that Atticus' principal, Scott Rudin, claimed exclusive rights and expressly repudiated Dramatic's rights to license *To Kill a Mockingbird* to professional theaters: "Your client sold rights in To Kill a Mockingbird that he does not own or control, rights which belong exclusively to me." ECF No. 81, at 8-9. But it is well-settled that "[b]ecause a declaratory judgment action is a procedural device used to vindicate substantive rights, it is time-barred only if relief on a direct claim based on such rights would also be barred." *Stone v. Williams*, 970 F.2d 1043, 1048 (2d Cir. 1992). Applying Atticus' theory, its own claim would be time-barred, and this lawsuit should be dismissed in its entirety.

A. **The Case Is about the Ownership of Rights, Not Infringement**

Atticus repeatedly characterizes this action as one for "non-infringement." ECF No. 81, at 7-8. But this case is not about infringement. Dramatic never threatened Atticus with an infringement action. ECF No. 82, ¶¶ 33-35. Dramatic never sued or counterclaimed against Atticus for

1

infringement. ECF No. 82, ¶¶ 39-40.[1] Rather, Atticus' complaint alleged it was Dramatic's claim of "worldwide exclusive rights" in a press release that triggered this action. ECF 1, ¶ 5. The thin reed upon which Atticus based its claim for declaratory judgment jurisdiction was *not* an infringement threat from Dramatic, but rather Dramatic's claim to own exclusive rights and Atticus's repudiation of that claim:

> An actual and justiciable controversy has arisen . . . regarding whether [Dramatic] owns exclusive *rights* to present 'non-first class' productions . . . or, as Atticus contends, that Atticus and Sorkin have sufficient *rights* to present such productions of the Sorkin Play . . . .

ECF No. 1, ¶ 42 (emphasis added). And this Court found the "core of this dispute" turns on "whether, under 17 U.S.C. § 304(c), Dramatic retains exclusive *rights* to produce amateur performances of the Novel." ECF No. 65, at 14 (emphasis added).[2] The Court ultimately ruled that "Dramatic does not currently possess exclusive rights . . . ." *Id.* at 34.

In short, this case has always been about one thing: Atticus' and Dramatic's competing assertions about who owns the rights granted to Dramatic in the 1969 Agreement. Either Dramatic's exclusive rights survived termination, or they did not and ownership and the ability to license those rights to Atticus reverted to Ms. Lee.

### B.   This Case Is Not About Copying or Substantial Similarity

To maintain an action for copyright infringement, a plaintiff must establish (1) ownership of a valid copyright and (2) copying of constituent original elements of the work. *Kwan v. Schlein*, 634 F.3d 224, 229 (2d Cir. 2011) (citations omitted). In many cases the first element is not in dispute. *Id.*

---

[1] Nor would it be necessary for Dramatic to bring legal action against Atticus. Both Dramatic and Atticus obtained their rights from Harper Lee. Both pay royalties to the Harper Lee Estate. When Atticus threatened Dramatic, Dramatic initiated arbitration against the Lee Estate, its licensor, and obtained a binding and final judgment resolving the issue of who owns what rights. *See* ECF No. 79, ¶ 7. That is because the Lee Estate owes Dramatic multiple obligations (ECF No. 37-1; ECF No. 82, ¶ 6), as confirmed by the arbitration award (ECF No. 37-6).

[2] *See also* ECF No. 1, ¶ 43 ("a declaration is necessary and appropriate because a substantial controversy exists between the parties having adverse legal interests as to their respective *rights* to derivative stage adaptations of the Novel . . . ."); ¶ 44 ("Declaratory judgment in this action would serve a useful purpose in clarifying and settling the respective *rights* and obligations of the parties.") (emphasis added).

When infringement arises out of copying, each act triggers the statute. But where, as here, the rights under the first element are contested, the statute of limitations begins to run when the party challenging those rights first learns they are in dispute. That is why in *Kwan,* when the plaintiff sued for "infringement" claiming she was the sole author of a work, the Second Circuit rejected her claim, explaining that an "ownership claim accrues only once" when a plaintiff learns of defendant's "express assertion of sole ownership." *Kwan*, 634 F.3d at 228. As explained in *Roberts*, a claim for copyright infringement is an "ownership claim, when it 'does not involve the nature, extent or scope of copying,' but instead focuses on **competing assertions of . . . rights in the work at issue**." *Roberts v. BroadwayHD LLC*, 518 F.Supp.3d 719, 731 (S.D.N.Y. 2021) (citing *Kwan*, 634 F.3d at 229) (emphasis added).

Atticus' opposition ignores Dramatic's citation to *Roberts*. With good reason. The statute of limitations for infringement claims involving "competing assertions of . . . rights in the work at issue" accrues only once. *See*, *e.g.*, *Mahan v. Roc Nation, LLC*, 634 F. App'x 329, 331 (2d Cir. 2016) (notice sufficient to trigger the statute occurs "once there has been an 'express repudiation' or an "**express assertion of sole authorship or ownership**," at which point the claim begins to accrue) (emphasis added). Likewise, in *Phillies v. Harrison/Erickson,* 2021 WL 5936523, *24-25 (S.D.N.Y. August, 10, 2021), the Phillies tried to claim co-authorship in its mascot even though the defendant had filed a copyright registration which listed defendant as sole author and repeatedly signed agreements listing defendant as author. Citing *Kwan,* the court explained these assertions of sole ownership by the defendant trigger the statute of limitations.

To avoid accrual of its ownership claim, Atticus tries to create a distinction, claiming that because Atticus has not asserted its **own** "claim seeking declaratory judgment of ownership for infringement predicated on any such ownership" (ECF No. 81, at 7), the single-accrual rule of *Kwan* does not apply. That ignores what this dispute is about. As both *Mahan* and the *Phillies* case show,

3

the assertion or repudiation of ownership starts the statute of limitations to run. Knowledge of the "injury upon which [ownership] claims are premised" triggers the statute. *Phillies*, 2021 WL 5936523, at *17. In fact, *Charles* rejected Atticus' conceit*:*

> Plaintiff argues that *Kwan* and *Simmons* involved disputes over the plaintiff's status as an owner but not defendant's status. This is not a material distinction, **because a *non-owner defendant* can prevail in an infringement suit so long as the plaintiff is also not the owner.**

*Charles v. Seinfeld*, 410 F.Supp.3d 656, 659 (S.D.N.Y. 2019) (emphasis added). Likewise, in *Easter Unlimited, Inc. v. Rozier*, No. 18-cv-6637, 2021 WL 4409729, *7-8 (E.D.N.Y. Sept. 27, 2021), when defendant was sued for infringement, he challenged the ownership and authorship of plaintiff's copyright. Just like Atticus, the defendant did not claim ownership, but rather pointed to a third party and submitted the third party's declaration claiming ownership. Even though the defendant's *own* ownership was not at issue, the court rejected the use of the declaration, finding that using the alleged owner's declaration was time-barred under the single-accrual rule because the alleged third-party owner had known about plaintiff's assertion of ownership for more than three years. *Id.*

Time and again, as summarized below, courts apply the single-accrual rule regardless of whether a party, like Dramatic, asserts sole rights, repudiates another's claim of rights, or both:

- **Assertion of sole rights**. *Kwan*, 634 F.3d at 228-29; *Phillies,* 2021 WL 5936523 at *25; *Roberts*, 518 F. Supp. 3d at 731; *Ferrarini v. Irgit*, No. 19-cv-96, 2021 WL 638771, *4 (S.D.N.Y. Feb. 17, 2021); *Sid Bernstein Presents, LLC v. Apple Corps Limited*, No. 16-cv-7084, 2017 WL 4640149, *5 (S.D.N.Y. July 26, 2017).
- **Repudiation of sole rights**. *Simmons v. Stanberry*, 810 F.3d 114, 116 (2d Cir. 2016); *Seinfeld*, 410 F. Supp. 3d at 660; *Walker v. Carter*, 210 F.Supp.3d 487, 507-08 (S.D.N.Y. 2016).
- **Both assertion and repudiation**. *Fahey v. Breakthrough Films & Television Inc.*, No. 21-cv-3298, 2022 WL 6244313, *22 (S.D.N.Y. July 7, 2022).
- **Party assets or repudiates co-ownership.** *Merchant v. Levy*, 92 F.3d 51, 56 (2d Cir. 1996); *Mahan*, 634 F. App'x at 331.

4

### C.    Atticus' Affirmative Claim Remains Subject to the Statute of Limitations

Atticus' attempt to position this case as one of declaratory judgment for "non-infringement" (ECF No. 81, at 7-8) does not change the outcome. As noted, this is not a defensive action by Atticus for "non-infringement." Atticus does not dispute that Dramatic never threatened it with an infringement. ECF No. 82, ¶¶ 33-35, 39-40. The issue has always been about whether Dramatic could claim it held exclusive rights. Atticus sought affirmative relief challenging Dramatic's claim of exclusive rights, and the Court agreed. ECF No. 65, at 34.

Atticus made the decision to sue Dramatic, not the other way around. That is significant. "When a party is 'attacked,' he can rely on the statute of limitations as a shield, but when a party is the 'aggressor,' equity precludes the use of the time bar as a sword." *118 E. 60th Owners, Inc. v. Bonner Properties, Inc.*, 677 F.2d 200, 204 (2d Cir.1982). Dramatic never threatened Atticus with an infringement action; Dramatic merely declared its rights in March 2019, and Dramatic sought relief against the ***Lee Estate***—not Atticus—after Atticus sent cease-and-desist letters to Dramatic and third parties threatening legal action. ECF No. 79, ¶¶ 3-7, Exs. 1-2; ECF No. 82, ¶¶ 9-13. Atticus cannot now avoid the time bar:

> Here plaintiff seeks to extend the intrinsically defensive doctrine beyond its confines. ***Plaintiff is certainly more of an aggressor than defendants***. Defendants have done nothing concrete to change the basic relations between the parties as they have existed for over ten years. ***It is the plaintiff that has haled the defendants into court and disturbed the equilibrium between the parties***.

*118 E. 60th Owners*, 677 F.2d at 204 (emphasis added).

Keeping with its aggressive approach, Atticus claims Dramatic is time-barred from asserting a statute of limitations defense (ECF No. 81, at 8-9), claiming that Dramatic—which promptly filed, and ultimately prevailed in, an arbitration against the Lee Estate—is time-barred. But as noted above, when a direct claim based on such rights would be time-barred, so is the corresponding declaratory judgment action. *Stone*, 970 F.2d at 1048 (2d Cir. 1992). Under Atticus' own formulation,

its complaint should be dismissed.[3]

      Atticus cites the unpublished, out-of-circuit *Cabell* decision to claim it is free to file a declaratory judgment action without being subject to the single-accrual rule. ECF No. 81, at 8. *Cabell* provides this Court with no basis to stray from the express teachings of *Kwan, Simmons*, and other controlling Second Circuit authority. Crucially, in *Cabell*, only **infringement** by copying was contested—not ownership. *Cabell v. Zorro Prods., Inc.*, No. 15-cv-771, 2018 WL 2183236, *7 (N.D. Cal. 2018). The single accrual rule was not even at issue. When ZPI repeatedly threatened an infringement action arising out of the **similarity** of the works, Cabell filed a declaratory judgment action claiming non-infringement. Unlike Atticus' claim, Cabell's claim was not about ownership. Noting that the statute of limitations "does not bar affirmative defenses" in defensive declaratory judgment actions, the Court found the action was not time-barred. *Id.* at *16. So *Cabell* arose out of two bases not present here: (1) the "core" issue was copying, not rights in the work; and (2) plaintiff claimed non-infringement defensively against the aggressor ZPI.

      Copying is not at issue here. In January 2019, Atticus asserted it owned exclusive rights in professional productions of *TKAM* and repudiated Dramatic's rights. ECF No. 82, ¶¶ 1-5. Less than two months later, Dramatic filed a claim in arbitration, asserting its exclusive rights in *TKAM* and repudiating Atticus' rights. ECF No. 82, ¶¶ 16-21. As Atticus admits, at that point, Atticus learned of Dramatic's "express assertion of sole ownership." ECF No. 82, ¶ 22; *see Kwan*, 634 F.3d at 228-

---

[3] *Garza v. Everly*, 59 F.4th 876, 884 (6th Cir. 2023) (cited in ECF No. 81, at 9) does not support Atticus' position. Atticus cites *Garza* for the proposition that the statute of limitations bars Dramatic's assertion of exclusive rights as a defense in this case. There, the defendant repackaged as an affirmative defense a previously dismissed counterclaim. Finding the repackaged defense sought the same affirmative relief as the counterclaim, the court held it time-barred. That is not the situation here. Nor or is it the law in the circuit. In *Estate of Burne Hogarth v. Edgar Rice Burroughs, Inc.*, the court held that "[a] defendant who is not seeking any affirmative relief and who asserts a defense only to defeat a plaintiff's claim is not barred by a statute of limitations." 342 F.3d 149, 163 (2d. Cir. 2003) (citing *United States v. Western Pacific R.R. Co.*, 352 U.S. 59, 72 (1956) ("To use the statute of limitations to cut off the consideration of a particular defense in the case is quite foreign to the policy of preventing the commencement of stale litigation.")).

6

229.[4] The declaratory judgment action filed by Atticus nearly four years later was hardly defensive. Unlike ZPI, Dramatic never threatened Atticus. ECF No. 82, ¶¶ 33-35, 39-40. Moreover, Atticus affirmatively sought and obtained a ruling on Dramatic's exclusive rights, the same rights it asserted in March 2019. Atticus' action is time-barred, and nothing in *Cabell* changes that analysis.

## II. DRAMATIC DID NOT WAIVE ITS AFFIRMATIVE DEFENSES

Atticus treats Dramatic's statute of limitations defense as if it were any other argument raised in opposition to a summary judgment motion. *See* ECF No. 81, at 3-6. It is not. The statute of limitations is an affirmative defense Dramatic properly raised in its answer. *See* Fed.R.Civ.P. 8(c)(1) (listing affirmative defenses to be included in a defendant's answer, including statute of limitations); Fed.R.Civ.P. 12(h)(2)(A) ("[f]ailure to state a claim upon which relief can be granted…or to state a legal defense. . . may be raised . . . in any pleading . . . ."). Dramatic timely filed its answer under Rule 12(a)(4), and in that answer properly raised its limitations defense. Seeking to avoid the plain language of the Federal Rules, Atticus states the unremarkable proposition that Rule 56 permits pre-answer motions for summary judgment. ECF No. 81, at 5. Nothing in Rule 56 and nothing Atticus has offered says that an early summary judgment motion suspends the pleadings rules and precludes a non-movant from asserting an affirmative defense like those in this case.

The Second Circuit made clear decades ago that even after pre-answer motion practice, a defendant does not waive the right to assert the statute of limitations affirmative defense in its answer. *Santos v. Dist. Council of N.Y.C. & Vic. of Utd. B'hd of Carpenters & Joiners*, 619 F.2d 963, 967 (2d Cir. 1980). Dramatic cited this controlling authority in its opening brief (ECF No. 77, at 13), but Atticus offers no cogent basis for this Court to ignore the Second Circuit's teachings. Atticus relegates its discussion to a footnote toward the end of its waiver argument (ECF No. 81, at 5 n.2),

---

[4] The language from *Kwan* handily dispenses with footnote 3 of Atticus' brief. ECF 81, at 7. The law requires only knowledge of Dramatic's repudiation, not a direct or public proclamation.

claiming *Santos* does not apply because the *Santos* defendant failed to raise the defense in its *own* pre-answer motion as opposed to *responding* to a pre-answer motion. That is a distinction without a difference. The Second Circuit made that clear: "under Fed.R.Civ.P. 8(c), the statute of limitations constitutes an affirmative defense, to be asserted in a responsive pleading" as opposed to a pre-answer brief. *Santos*, 619 F.2d at 967. Neither Rule 8 nor the Second Circuit distinguish between whether the party asserting an affirmative defense is a movant or non-movant in a pre-answer motion.

Indeed, on similar facts to this case, another court in this district refused to bar a statute of limitations defense not raised in response to a pre-answer summary judgment motion. "Justice requires consideration of Defendant's statute of limitations defense." *See Narragansett Elec. Co. v. Am. Home Assur. Co.*, 999 F. Supp. 2d 511, 516 (S.D.N.Y. 2014).[5] Other courts have reached similar conclusions in post-answer summary judgment cases.[6]

Atticus cites over a dozen cases to support its waiver argument. Not one of them involves a pre-answer summary judgment motion. Attius leads off with *Drame* and *Case* (ECF No. 81, at 3). In both, the defendants were given the opportunity to answer and raise the affirmative defenses, and *then* failed to argue those affirmative defenses on summary judgment.[7]

The other cases listed in Atticus' page-long list of cases (ECF No. 81, at 3-4) involve entirely different procedural postures or stand for basic principles of law that have no application here. In

---

[5] Under Atticus' argument, filing a pre-answer summary judgment motion somehow triggers a duty for the defendant to plead (and prove) *every* affirmative defense in its response to a pre-answer summary judgment motion, even though, as the *Narragansett* court found, no rule even hints at such a duty. Moreover, imposing such a burden on the defendant relieves the movant of its duty to address and challenge any affirmative defenses in its initial moving papers. *Toilliver v. McCants,* 2009 WL 1473445, *1 (S.D.N.Y. May 26, 2009) ( "district court may not enter summary judgment against a non-movant defendant on its affirmative defenses if those defenses were not challenged in the *plaintiff's* motion" (citing *Books-A-Million, Inc. v. H & N Enters., Inc.*, 140 F. Supp. 2d 846, 851 (S.D. Ohio 2001)).

[6] *See, e.g., Am. Council of Blind New York, Inc. v. City of New York*, 495 F. Supp. 3d 211, 243-44 (S.D.N.Y. 2020) (statute of limitations affirmative defense raised in answer sufficiently preserved for trial even when not raised in opposition to plaintiff's post-answer summary judgment motion.

[7] *See United States v. Drame*, 18-cv-11480 (S.D.N.Y.), ECF No. 12 (defendant's answer), ECF No. 28 (plaintiff's summary judgment motion); *Case v. Eslinger*, 6:06-cv-832 (M.D. Fla.), ECF Nos. 27, 38, 39 (defendants' answers to second amended complaint); ECF Nos. 54, 58, 60 (defendants' motions for summary judgment).

*Phoenix Light SF, Ltd. v. U.S. Bank N.A.*, 14-cv-10116-VSB, 2020 U.S. Dist. LEXIS 144731 (S.D.N.Y. Aug. 12, 2020), the court denied plaintiffs' motion seeking reconsideration and to set aside a judgment entered after extensive motion to dismiss briefing and discovery. *See Phoenix Light SF, Ltd. v. U.S. Bank N.A.*, 612 F.Supp.3d 263, 267-273 (summarizing the motions to dismiss, amended complaints, and facts developed during discovery). In *Caro Capital*, defendants had an opportunity to answer and raise both affirmative defenses and counterclaims, but then raised in their motion for summary judgment "without citation to evidence, a new theory of liability" for their counterclaim. *Caro Cap., LLC v. Koch*, 20-cv-6153-LJL, 2023 U.S. Dist. LEXIS 15508, at *20 (S.D.N.Y. Jan. 30, 2023). In *Blue Citi*, the defendant also was permitted to file an answer and affirmative defenses, but then failed to raise an argument regarding one of those defenses in opposition to a summary judgment motion before raising it for the first time in a cross-motion. *Blue Citi, LLC v. 5Barz Int'l Inc.*, 338 F. Supp. 3d 326, 334 (S.D.N.Y. 2018). *Capitol Records* precluded two individual defendants, the principals of defendant ReDigi, from raising affirmative defenses that ReDigi had waived or abandoned **after answering** because the individual defendants were in privity with ReDigi. *See Capitol Records, LLC v. ReDigi Inc.*, 12-cv-95-RJS, 2015 U.S. Dist. LEXIS 113790, at *1-15 (S.D.N.Y. Aug. 27, 2015).[8]

### III.    ATTICUS' CLAIM FOR FEES AND SANCTIONS HAS NO MERIT

The Court should reject Atticus' extraordinary request for fees and sanctions. For sanctions, "[t]he operative question is whether the argument is frivolous, *i.e.*, the legal position has 'no chance

---

[8] *Busher*, *Triodetic*, and *Palmieri* (ECF No. 81, at 3-4) involved waiver **on appeal** by litigants who failed to raise arguments before the district court. *See Busher v. Barry*, No. 20-cv-3587, 2021 U.S. App. LEXIS 32561, at *8-9 (2d Cir. Nov. 2, 2021); *Triodetic Inc. v. Statue of Liberty IV, LLC*, 582 Fed. App'x 39, 40 (2d Cir. 2014); *Palmieri v. Lynch*, 392 F.3d 73, 87 (2d Cir. 2003). This obviously is not an appeal, indeed, the Court has not yet even entered a final judgment. None of the out-of-circuit cases Atticus cites (ECF No. 81, at 4 nn.1-2) has any bearing on the waiver issue presented here either. *See Vela*, 276 F.3d 659 5th Cir. 2001 (arguments not raised before the district court waived on appeal); *Williams v. Univ. Med. Ctr. Of S. Nev.*, 2010 WL 3001707 (D. Nev. July 28, 2010) (defendant's affirmative defense raised in answer filed before summary judgment briefing found to be waived); *Vineberg v. Bissonnette*, 529 F. Supp. 2d 300, 305-06 (D.R.I. 2007) (granting plaintiff's motion for summary judgment on defendant's statute of limitation defense where defendant's only response was to reassert the defense); *U.S. v. Boynton*, 2007 WL 737725, *1 n.2 (Feb. 1. 2007) (statute of limitations defense included in defendant's answer filed before summary judgment briefing found to be waived).

9

of success,' and there is 'no reasonable argument to extend, modify or reverse the law as it stands.'" *Fishoff v. Coty Inc.*, 634 F.3d 647 (2d Cir. 2011) (quoting *Morley v. Ciba–Geigy Corp.*, 66 F.3d 21, 25 (2d Cir. 1995)). Atticus has not come close to any such showing; the opposite is true. Dramatic is seeking to defend itself against Atticus' summary judgment motion by arguing an affirmative defense authorized by the Copyright Act (17 U.S.C. § 507) and permitted under the Federal Rules (Fed.R. Civ.P. 8(c)(1), 12(h)(2)(A)). In doing so, Dramatic has asserted, among other meritorious arguments, an affirmative defense recognized by the Second Circuit as valid (*Kwan*) and not waived (*Santos*).

Dramatic never threatened Atticus with legal action, ECF No. 82, 33-35, 39-40. Nevertheless, Atticus sued Dramatic and moved for summary judgment before Dramatic answered. Now, having answered and having outlined the basis for the current motion by letter to the Court, ECF No. 73, and after discussing it with Atticus' counsel and the Court at the May 25, 2023 hearing, Dramatic brings this motion in its defense and in compliance with the Court's order, ECF No. 75.

The cases Atticus cites, *Kemper* and *Schleifer*, bear no relationship to the meritorious arguments advanced here by Dramatic. In *Kemper*, the court characterized the conduct by both parties as "vituperative hyperbole which has resulted in inordinate delay in the adjudication of this dispute" and yet still did not award sanctions. *Kempner v. Oppenheimer & Co., Inc.*, 662 F. Supp. 1271, 1283 (S.D.N.Y. 1987). Meanwhile, in *Schleifer v. Berns*, 17-cv-1649, 2017 WL 3084406 (E.D.N.Y. July 19, 2017) the court imposed sanctions on a plaintiff that advanced objectively baseless arguments and failed to support those arguments with any legal authority. *Id.* at *5. The court determined the plaintiff had submitted "false allegations and far-fetched legal arguments, including arguing for statutory damages in the absence of a copyright registration at the time of the alleged copyright infringement, a statutory prerequisite. No such circumstances exist here.

## **CONCLUSION**

Dramatic respectfully requests that the Court grant its motion for summary judgment.

10

                                                              Respectfully submitted,

Dated: June 14, 2023                        TOTTISLAW

                                                              By: /s/ Kevin Tottis
                                                                  Kevin Tottis (*pro hac vice*)
                                                                  Keith Stolte (*pro hac vice*)
                                                                  Max A Stein (*pro hac vice*)
                                            401 North Michigan Avenue, Suite 530
                                            Chicago, Illinois 60611
                                            Tel. + 1 312 527 1400
                                            ktottis@tottislaw.com
                                            kstolte@tottislaw.com
                                            mstein@tottislaw.com

                                            Stefan Mentzer
                                            GOODWIN PROCTER LLP
                                            The New York Times Building
                                            620 Eighth Avenue
                                            New York, New York 10018
                                            Tel. + 1 212 813 8800
                                            smentzer@goodwinlaw.com

                                            David Blasband
                                            MCLAUGHLIN & STERN, LLP
                                            260 Madison Avenue
                                            New York, New York 10016
                                            Tel. + 1 212 447 1100
                                            dblasband@mclaughlinstern.com

                                            *Attorneys for Defendant*
                                            *The Dramatic Publishing Company*