**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ATTICUS LIMITED LIABILITY COMPANY,

        *Plaintiff,*

    and

AARON SORKIN,

        *Involuntary Plaintiff,*

    -against-

THE DRAMATIC PUBLISHING COMPANY,

        *Defendant.*

Case No.: 1:22-cv-10147-DLC

Hon. Denise L. Cote

**<u>AMENDED JUDGMENT</u>**

      **WHEREAS**, on November 30, 2022, Plaintiff Atticus Limited Liability Company ("<u>Atticus</u>") commenced this action against Defendant The Dramatic Publishing Company ("<u>Dramatic</u>") and Nominal Defendant Aaron Sorkin ("<u>Sorkin</u>"), seeking declaratory judgment that: (1) Atticus and Sorkin have the right, in relation to Dramatic, to present performances of the Aaron Sorkin stage adaptation (the "<u>Sorkin Play</u>") of the Harper Lee novel *To Kill a Mockingbird* (the "<u>Novel</u>"); and (2) any such productions of the Sorkin Play have not infringed and could not infringe any copyright interest Dramatic claims to hold to the Novel;

      **WHEREAS**, pursuant to Stipulation and Order entered on January 3, 2023, Sorkin was realigned as an Involuntary Plaintiff to this action;

      **WHEREAS**, on January 23, 2023, Dramatic filed a motion to dismiss, later converted to a motion for summary judgment (the "<u>First Dramatic Motion</u>"), on the grounds, *inter alia*, that Dramatic continues to hold the exclusive right to present non-first-class productions of the Novel,

notwithstanding Harper Lee's termination (the "Termination") of the 1969 grant by which Dramatic claims to have acquired such exclusive rights (the "1969 Grant");

**WHEREAS**, on February 6, 2023, Atticus filed a motion for summary judgment (the "Atticus Motion") in its favor on the grounds, *inter alia*, that Dramatic does not hold any exclusive rights to the Novel following the effective date of the Termination;

**WHEREAS**, on June 2, 2023, Dramatic filed a second motion for summary judgment (the "Second Dramatic Motion") on the grounds that Atticus's claim for declaratory judgment was barred by the Copyright Act's statute of limitations, 17 U.S.C. § 507(b);

**WHEREAS**, pursuant to the Opinion and Order entered on April 27, 2023 (DE 65), the Opinion and Order entered on July 24, 2023 (DE 87), and the Order entered on July 25, 2023 (DE 88) (collectively, the "Prior Rulings"), the First Dramatic Motion and Second Dramatic Motion were denied and the Atticus Motion was granted in full, based, *inter alia,* on the Court's holding that, "[a]s a matter of copyright law, specifically § 304(c) of the Copyright Act of 1976, Dramatic does not currently possess exclusive rights to perform amateur [i.e. non-first-class] theatrical productions of Harper Lee's novel To Kill a Mockingbird" (DE 65 at 34; *id.* at 11 n.4) and that any rights Dramatic acquired pursuant to the 1969 Grant "are no longer exclusive" (*id.* at 3);

**WHEREAS**, the Court entered judgment consistent with the Prior Rulings on August 1, 2023 (DE 92), which the parties have stipulated should now be clarified pursuant to Federal Rule of Civil Procedure 60(a);

**NOW**, therefore, for the reasons stated in the Prior Rulings, it is hereby **DECLARED, ADJUDGED AND DECREED** that:

1.     Atticus and Aaron Sorkin have the right, in relation to Dramatic, to present any and all performances of the Sorkin Play in the United States; and

2.      Any such productions of the Sorkin Play in the United States have not infringed and do not infringe any copyright interest Dramatic holds in and to the Novel.

Accordingly, this case is closed.

Dated: New York, New York

_____ August 28 _____, 2023

_____
DENISE COTE
United States District Judge